**Pleas JONES and Marie Jones, and James P. Stephenson and Betty P. Stephenson, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 79–3708.**

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1981.

Decided May 13, 1981.

Earl T. Osborne, Osborne, Deatherage & Fletcher, Paducah, Ky., for plaintiffs-appellants.

Patrick Molloy, U. S. Atty., Lexington, Ky., M. Carr Ferguson, Gilbert E. Andrews, Grant W. Wiprud, Tax Division—Dept. of Justice, Washington, D. C., Kristina E. Harrigan, for defendant-appellee.

Before EDWARDS, Chief Judge, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

Two justices of Kentucky's highest court appeal from denial by the U. S. District Court for the Eastern District of Kentucky of any deduction for travel and expenses involved in their claim that they were required to maintain two homes and work stations in the tax year 1974. The appellants assert that the Constitution of the State of Kentucky and Kentucky laws require them to be elected from specifically described geographic districts where they maintain homes. They also argue that the court operations required their presence in the capital city (Frankfort) more than a majority (roughly two-thirds) of the work days of the year and that work requirements plus custom, practice and expectation in Kentucky required their residence and work in their home districts the balance (roughly one-third) of the work years.

Appellants present two questions on this appeal:

1. Is an elected judge on a state appellate court who is required by the constitution of his state to maintain a residence in his election district entitled to deduct under Section 162(a) his living expenses while in the state capital and travel expenses to and from his residence?

2. If the judge is not entitled to deduct his travel and living expenses while in the state capital, is he nevertheless entitled to deduct his travel and living expenses while at home (the state capital being his principal place of business and his home being his minor place of business) under the provisions of [Rev.Rul. 61–67, 1961–1 C.B. 25]?

We answer the first question in the negative for the reasons set forth in the opinion of the U. S. District Judge and the logic of *Montgomery v. Commissioner*, 532 F.2d 1088 (6th Cir. 1976), and hence affirm as to this aspect of the case. See also *United States v. Le Blanc*, 278 F.2d 571 (5th Cir. 1960), which we distinguish on the facts. As to the second question stated above, we hold that this record demonstrates that Frankfort was the principal place of business of the two taxpayers in 1974, but that they were required to travel to and perform court work at their original home counties during a substantial portion of the work year and hence are entitled to deduct travel and necessary expenses for what was the judicial equivalent of a minor place of business.

We believe that the "employer" of these two taxpayers is the State of Kentucky acting through its court system. The Constitution and laws of Kentucky and the rules, custom and practice of its highest court require work at two different locations and such circumstances require recognition by the Commissioner of Internal Revenue.

The judgment of the District Court is affirmed in part and reversed in part and remanded for computation of legally deductible and necessary expenses in connection with court services at the two taxpayers' "minor place of business."